No. 331 April 16, 2025 681

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. J. G.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

L. J. G.,
*Appellant.*

Curry County Circuit Court
23JU05177; A183507

Jesse C. Margolis, Judge.

Submitted March 3, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

LAGESEN, C. J.

Reversed.

### LAGESEN, C. J.

Youth appeals a judgment adjudicating him delinquent for conduct that, if committed by an adult, would constitute third-degree criminal mischief, ORS 164.345. He contends that the evidence is insufficient to support a finding that he had the state of mind required to commit that offense. We agree and reverse.

At the time of the events giving rise to this case, there was a hole in the ceiling of the science hallway bathroom of Azalea Middle School in Brookings. The hole was the result of a missing ceiling tile above one of the toilet stalls. Not unlike an actual black hole, the hole exerted a gravitational pull. During seventh period on a Monday, youth called a friend into the bathroom with him, climbed onto the toilet beneath the hole, reached his hand through the hole, and began pushing and pulling on the ceiling tile next to the hole—in youth's words, "messing with it." Although youth later denied any plan to climb into the hole, affirming that he had "just climbed on the toilet and started poking a ceiling tile with no objective," his friend reported otherwise: "he said that he was going to climb up into the hole." Regardless, any plans to enter the hole collapsed when youth dislodged the ceiling tile and it fell to the floor and broke. Once the tile started to fall, youth and his friend fled the bathroom, youth claiming afterwards to have been "out of the bathroom before it hit the ground." The school's janitor was called in to replace the tile, a familiar task for which he was equipped. The task was familiar because whenever he replaced that particular tile, "it seemed like within a couple of days it's back on the ground again." He was equipped because the school district buys ceiling tiles in bulk so he always has a case on hand.

For his role in the above chain of events, youth was adjudicated delinquent for conduct constituting third-degree criminal mischief, ORS 164.345. ORS 164.345 provides: "A person commits the crime of criminal mischief in the third degree if, with the intent to cause substantial inconvenience to the owner or another person, and having no right to do so nor reasonable ground to believe that the person has such a right, the person tampers or interferes with property of

another." On appeal, youth contends that the juvenile court erred in determining that the evidence allows for a finding that youth acted "with the intent to cause substantial inconvenience to" Azalea Middle School, the owner of the damaged ceiling tile. Our review is to determine whether the evidence presented supports a reasonable inference that youth, in pushing and pulling on the ceiling tile, intended to cause substantial inconvenience to Azalea Middle School. *State v. R. W. G.*, 288 Or App 238, 239-40, 404 P3d 1131 (2017) (stating applicable standard of review).

Having reviewed the record, we conclude that the evidence does not allow for a reasonable inference that youth acted with that intent. To prove that youth "acted with the intent to cause substantial inconvenience" to Azalea Middle School, the state had to prove that youth acted "with the conscious objective" to cause that harm to the school. ORS 161.085(7) (defining what it means to act "with intent"). Although the evidence would support a finding that youth's conduct caused "substantial inconvenience" to Azalea Middle School, it does not support a finding that causing substantial inconvenience was youth's conscious intention when he pushed and pulled on the ceiling tile, "messing with it." On the contrary, the only reasonable inference on this record is that youth gave no thought as to how his efforts to explore the hole in the ceiling might inconvenience the school or others. Thoughtlessly tampering with property without regard for the interests of others is problematic for its own reasons, but it is not third-degree criminal mischief.

Reversed.