No. 807     September 10, 2025     371

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. G. P.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

C. G. P.,
*Appellant.*

Clatsop County Circuit Court
23JU03184; A183721

Kirk C. Wintermute, Judge.

Submitted June 6, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission, and Joel C. Duran, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Reversed.

**POWERS, J.**

In this juvenile delinquency proceeding, youth challenges his adjudication for conduct that, if committed by an adult, would constitute criminal mischief in the second degree, ORS 164.354, involving damage to playground equipment. Youth, who was playing at a playground in Seaside with several other teenagers, found a can of spray paint without a nozzle and, wanting to see if it worked, pushed the can on a pole such that paint came out, damaging the pole. At the delinquency hearing, youth conceded that there was damage and argued that he did not intentionally damage the playground equipment. Among his arguments on appeal, youth contends that the juvenile court should have dismissed the delinquency petition because the evidence was insufficient to support a finding that he intended to damage the playground equipment. The state remonstrates that, viewed in the light most favorable to it, the evidence supports an inference that youth pressed the can onto the pole with the conscious objective of damaging the playground equipment. Because the record does not allow a reasonable inference that youth acted with the required intent, we reverse.

In reviewing a challenge to the sufficiency of the evidence supporting a delinquency adjudication, we review the evidence in the light most favorable to the state and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. *State v. D. B. O.*, 326 Or App 384, 385-86, 532 P3d 921 (2023). Here, to prove second-degree criminal mischief as alleged in the amended petition, the state had to prove beyond a reasonable doubt that, "[h]aving no right to do so nor reasonable ground to believe that the [youth] ha[d] such right, the [youth] intentionally damage[d] property of another." ORS 164.354(1)(b). To prove that youth acted "intentionally," the state had to show that youth acted with a "conscious objective to cause the result or to engage in the conduct so described." ORS 161.085(7). Importantly, a mental state is rarely proved by direct evidence; rather, a factfinder ordinarily infers intent from circumstantial evidence and makes reasonable inferences from that evidence. *See, e.g.*, *State v. Rogers*, 301 Or

App 393, 399, 457 P3d 363 (2019) (so observing). Whether a particular inference is supported by circumstantial evidence is a legal question for a court to decide. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004) (explaining that there is a difference between inferences drawn from circumstantial evidence and those drawn from mere speculation and observing that "[r]easonable inferences are permissible; speculation and guesswork are not").

After reviewing the record, we conclude that the evidence does not allow for a reasonable inference that youth acted with the required intent.[1] As an initial matter, the direct evidence of youth's state of mind consists of his statements to the officer and his testimony at the delinquency hearing in which youth explained that he just wanted "to see if the can worked" and that he "didn't mean to" damage the playground equipment. The juvenile court, of course, was permitted to disbelieve youth's statements; however, there still must be sufficient evidence to show that youth acted with a conscious objective to damage the playground equipment as a matter of law. *See State v. Reed*, 339 Or 239, 245, 118 P3d 791 (2005) (explaining that disbelieving a witness's testimony "does not add anything affirmative to the state's evidence"). In our view, the circumstantial evidence is insufficient.

Youth, who was 14 years old at the time, found the can of spray paint in the bathroom of the park, noticed that there was no nozzle, and tried to find an object that could fit where the nozzle had been "to see if the can worked." Apparently not finding anything useful, youth used a pole of the play structure to press the can onto, causing paint to come out of the can. According to youth, he did that "just the one time," although a witness, who was at the park with her son, testified that the "group of teenagers" rubbed the paint on the playground equipment "multiple times." The state submitted an exhibit with four photos documenting the orange paint on the blue playground equipment and on the edge of the slide:

---

[1] Our resolution based on the first assignment of error obviates the need to address youth's second assignment that asserts that the juvenile court's speaking verdict implied that the court impermissibly shifted the burden to youth to disprove his guilt.







Youth testified that he was "pretty sure" that he left the can on the ground while he went to look in the bathroom for paper towels to clean up the paint. However, he did not find any, so he put the can back in the bathroom where he found it. From that evidence, we cannot draw a conclusion that youth acted intentionally to cause damage to the playground equipment.

There is an appreciable difference between intentional action—that is, acting with a conscious objective to cause damage—and thoughtlessly, perhaps even recklessly, playing with a can of spray paint in a way that results in damage. On this record, it is not a reasonable inference that youth acted with a conscious objective of damaging the playground equipment. *See State v. L. J. G.*, 339 Or App 681, 683, 568 P3d 1032 (2025) (concluding, in a proceeding involving third-degree criminal mischief, that the youth gave "no thought as to how his efforts to explore the hole in the ceiling might inconvenience" others). Although a witness saw the group rub paint on the playground equipment "multiple times," the state still did not offer sufficient evidence to prove that youth acted with a conscious objective to damage the equipment. That is, this is not a situation where youth was carrying a can of spray paint at night and was found walking away from damaged playground equipment that had been tagged with a discernable message or initials, for instance, or where the equipment was severely damaged. Rather, the circumstances in this case show youth acting carelessly and thoughtlessly—clearly causing damage to the playground—but it is too much of an inferential leap to conclude as a matter of law that youth acted with a conscious objective to cause that damage for purposes of a delinquency adjudication on second-degree criminal mischief.

Reversed.